Nov. Term,
1860.

MARTIN
v.
DAVIS.

*I. N. Stiles*, for appellees.

---

### MARTIN and Another *v.* DAVIS.

*A.* executed to *B.* a bill of sale of personal property, and also a mortgage upon real estate, to indemnify him for moneys paid as replevin bail upon certain judgments against *A.* Suit by *B.* to foreclose the mortgage upon the real estate. *A.* answered, that *B.* had realized out of the sale of the personal property, &c., an amount greater than the amount of his debt, and that said mortgage was paid. *B.* replied that he had, at the request of *A.*, appropriated the proceeds of the personal property, &c., to the payment of debts owing by *A.* to other persons, and that the amount of his mortgage debt was still unpaid.

*Held*, that the reply was responsive to the defense, and was not a departure.

APPEAL from the *Owen* Common Pleas.

HANNA, J.—*Davis* became replevin bail upon, and paid as such, two judgments against *Martin* for about $1,100. To secure him as such bail, *Martin* executed a bill of sale of certain goods, inventoried at $500, and delivered said goods, and the book-accounts and notes connected with his business, to *Davis;* and, also, with his wife, executed a mortgage on certain real estate, for the same purpose. Afterward they executed a power of attorney to *Davis*, authorizing him to sell their real and personal property, collect claims that might be due, and settle debts, and in all things to act for said *Martin* and wife.

*Davis* sued to foreclose the said mortgage upon a part of the real estate named, averring the payment of said judgments, but not averring the payment of any other debts of said *Martin*. *Martin*, among other matters, answered that *Davis* had, out of said personal property and choses in action, and the sale of a part of said real estate, realized about $1,400, stating the amount realized from each kind of property; and that therefore said mortgage was, in fact, satisfied. To this *Davis* replied, that at the request of defendants, he had paid off debts to divers persons, appropriated of the proceeds to the support of *Martin* and family, and upon debts due himself, &c., a large sum to wit, &c., which left due to him for moneys paid as such bail the sum of, &c.

The paragraph of the reply setting up these facts was demurred to, but the demurrer was overruled; a motion was then made to reject it, which was also overruled.

Upon these decisions errors are assigned.

It is urged that to permit the plaintiff, in his reply, to set up new matter—set-off—not arising out of the original cause of action sued on, in answer to the set-off pleaded by defendant, would be a departure in pleading, and, if permitted, might operate injuriously to other creditors who had obtained judgments, which would otherwise be a lien upon the real estate so mortgaged.

We do not concur in this view. The answer was, in effect, an averment of a state of facts which, if true, operated as a payment or satisfaction of the mortgage. The reply but

Nov. Term, 1860.

MARTIN
v.
DAVIS.

*Friday, January* 25.

Nov. Term, responded to this defense. We think the pleading was proper.
1860.      The judgment of foreclosure is affirmed.

Young          *Per Curiam.*—The judgment is affirmed, with 3 per cent.
v.          damages and costs.
The State.
          *W. M. Franklin*, for appellants.
          *Martin* and *Dyer*, for appellee.